[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 18, 1998 Date of Application December 28, 1998 Date Application Filed December 30, 1998 Date of Decision October 24, 2000
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR 97-0130769
Edward J. Gavin, Esq. Defense Counsel, for the Petitioner
C. Robert Satti, Jr. Assistant State Attorney, for the State
 BY THE DIVISION
The petitioner entered pleas of guilty under the Alford Doctrine to the crimes of Attempt to Commit Sexual Assault in the First Degree (a violation of C.G.S. 53a-49 (a)(2) and 53a-70 (a)(1) — a B felony which provides for a penalty of not less than 1 year nor more than 20 years incarceration and a monetary fine and Unlawful Restraint in the First Degree (a violation of C.G.S. § 53a-95 a class D felony which provides for a penalty of not less than one year and up to 5 years incarceration and a monetary fine)
There was a plea agreement for a maximum sentence ("cap") of 10 years execution suspended after 5 years incarceration to be followed by a CT Page 14812 period of probation. The petitioner had a right to argue for a lesser sentence under the agreement.
The factual basis for crimes to which the petitioner entered his pleas of guilty was that the petitioner approached a woman, grabbed her by the shoulders, pulled her towards him and told her to perform oral sex upon him. The victim refused. The petitioner held onto her and threatened to assault her with his fists in the event she did not comply. The victim was able to forcibly pull away and escape.
In her sentencing remarks the victim related how the attack, in broad daylight, affected her. The victim detailed the manner in which the event changed her life. The victim also commented on the refusal of the petitioner to admit responsibility for his conduct.
At the hearing before the Division counsel for the petitioner stressed that the petitioner is a first time offender and had no other criminal history and no juvenile history. Counsel emphasized that the petitioner had a strong work history and upon leaving high school at age 17 the petitioner began working. Counsel indicated in the summer of 1995 the petitioner was unable to obtain employment and volunteered his services at St. Vincent's Medical Center in the pharmacy department. During this period the petitioner delivered prescriptions in the hospital and to elderly shut-ins in the community. Counsel related that petitioner continued this volunteer work until he was able to gain regular employment.
Counsel for petitioner related that petitioner is a bright young man who completed his GED at night and was ranked in the 90% percentile. Counsel indicated that while the case was pending the petitioner enrolled in college. At sentencing 10 letters of recommendation were presented to the sentencing judge. These letters were from employers at the time of sentencing confirming petitioner's excellent work ethic and from teachers emphasizing that petitioner is a courteous young man with a lot to offer society. The letters of support were from community leaders including the Bridgeport police commissioner. Counsel claimed the petitioner admitted responsibility for the crime by pleading guilty.
Counsel indicated that at the time of the offense the petitioner was 19 years of age and lived with his parents and sister. Petitioner has a good support system in that he hails from a stable family whereby his parents have been married for 23 years.
The petitioner addressed the Division. Petitioner claimed that at the time of the offense he was 19 years old and in an "adolescent mind state." Petitioner wants "another chance at society to further my CT Page 14813 education." He further indicated that he wanted to be a "positive force in the work force."
Counsel for the state countered by relating to the Division that the crimes of which the petitioner was convicted provide for a period of 25 years incarceration. Counsel for the state also indicated he was troubled by the lack of acceptance of responsibility by the petitioner in that he elected to plead guilty under the Alford Doctrine and not admit responsibility.
The trial court commented on the stable family background of the petitioner and his attributes and opined that the conduct was "out of character" for the petitioner and the court took into consideration the "trauma to the victim."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. And Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Ianotti, J. participated in this decision.